UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

K.A.,

                  Petitioner,

    v.

LAURA HERMOSILLO, et al.,

                  Respondents.

Case No. C26-162-SKV

ORDER GRANTING EAJA FEES

This Court granted Petitioner habeas relief upon finding that she was re-detained in violation of the Due Process Clause of the Fifth Amendment. *See* Dkt. 11 at 2. Petitioner now moves under the Equal Access to Justice Act ("EAJA") for attorney's fees and costs. *See* Dkt. 14. Respondents oppose. *See* Dkt. 15. For the following reasons, the Court GRANTS Petitioner an award of statutory fees and costs under the EAJA.

## I.      LEGAL STANDARD

"The EAJA provides[] . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022)

ORDER GRANTING EAJA FEES - 1

(citing 28 U.S.C. § 2412(d)(1)(A)).  The Government bears the burden of demonstrating its position was substantially justified.  *See id.* (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)).  "The fee applicant bears the burden of documenting the number of hours expended in litigation and must submit evidence in support of those hours worked."  *Zavorin v. Wamsley*, No. C26-0173-DGE, 2026 WL 879246, at *2 (W.D. Wash. Mar. 31, 2026) (first citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); and then citing *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992)).

## II.    DISCUSSION

The parties agree Petitioner is the prevailing party in a civil action brought against the United States.[1]  *See* Dkt 14 at 5; Dkt. 15 at 1.  There are no special circumstances identified by the parties or this Court that would make an award of attorney's fees under the EAJA unjust.  The only matters pending decision, then, are whether Respondents' position was substantially justified and the amount of any fee awarded.

A.    Substantial Justification

Substantially justified means "the government's position must have a reasonable basis both in law and fact."  *Cardozo v. Bostock*, No. C25-0871-TMC, 2026 WL 304491, at *1 (W.D. Wash. Feb. 5, 2026) (quoting *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013)).  "The inquiry into . . . substantial justification . . . focus[es] on two questions:  first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court."  *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).  The first question "by definition concern[s] only the merits of th[e

---

[1] Pursuant to Federal Rule of Civil Procedure 54(d)(2)(C), the Court must make factual findings and state "its conclusions of law as provided in Rule 52(a)."  *See* Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).  The Court set out facts material to this case in its prior order granting habeas relief and incorporates that discussion by reference.

ORDER GRANTING EAJA FEES - 2

government] action." *Id.* The second question "encompass[es] the first inquiry to the extent that the government chooses to defend the merits of the challenged action[, but] . . . must also focus upon extraneous circumstances bearing upon the reasonableness of the government's decision to" litigate the case. *Id.* "[E]xtraneous circumstances bearing upon the reasonableness of the government's decision[,]" include "relevant legal or factual precedents." *Medina Tovar*, 41 F.4th at 1090 (quoting *Oregon Nat. Res. Council v. Madigan*, 980 F.2d 1330, 1332 (9th Cir. 1992)). "A 'string of losses' or a 'string of successes' can also be an objective indicator of reasonableness." *Id.* (first quoting *Pierce v. Underwood*, 487 U.S. 552, 569 (1988); and then citing *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 619 (9th Cir. 2005)). Ultimately "[a] position that 'was not contrary to clearly established law' is . . . substantially justified." *Meza-Vazquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021) (quoting *Li v. Keisler*, 505 F.3d 913, 920 (9th Cir. 2007)).

The Court decided this case on due process grounds. "The base requirement of the Due Process Clause is that a person deprived of [a liberty interest] . . . be given an opportunity to be heard at a meaningful time and in a meaningful manner." *Buckingham v. Sec'y of U.S. Dep't of Agr.*, 603 F.3d 1073, 1082 (9th Cir. 2010) (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.,* 149 F.3d 971, 984 (9th Cir. 1998)). Petitioner was given no opportunity to be heard, either pre- or post-redetention. Like other cases that found re-detention of individuals similarly situated to Petitioner, without notice or opportunity to be heard, violates due process, this case did not announce a new rule. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321–24 (W.D. Wash. 2025); *see also Zavorin v. Wamsley*, No. C26-0173-DGE, 2026 WL 309733, *5 (W.D. Wash. Feb. 5, 2026). Instead, the Court "applied longstanding due-process principles to a change in agency interpretation and practice that has been overwhelmingly rejected by federal

ORDER GRANTING EAJA FEES - 3

courts[.]" *Ramirez Tesara v. Hernandez*, No. C25-1723-KKE, 2026 WL 1506097, at *2 (W.D. Wash. May 29, 2026).

In arguing their litigation position was substantially justified, Respondents point only to two circuit court decisions that adopted their position on mandatory detention. *See* Dkt. 15 at 3 (first citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); and then citing *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). But resolution of this matter, like others involving re-detention of individuals previously granted release, rested on the Due Process Clause's requirements and not statutory interpretation, rendering Respondents' observation inapposite. *See, e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1323; *cf. United States v. Marolf*, 277 F.3d 1156, 1161–62 (9th Cir. 2002) ("When a party challenges a government action on procedural or due process grounds alone, the merits of the underlying regulation[s] . . . are not proper subjects for our review. . . . [W]e look only to the government's failure to provide notice in determining whether the government's underlying action was substantially justified."). Respondents did not meaningfully analyze the *Mathews* factors or argue they did not apply in their Return, *see* Dkt. 11 at 6; *Mathews v. Eldridge*, 424 U.S. 319 (1976), and they make no mention of due process in their opposition to Petitioner's motion for EAJA fees, *see* Dkt. 15. Because Respondents have not met their burden to show their litigation position was substantially justified, the Court finds an award of fees and costs appropriate.

B.      Award Amount

The EAJA instructs that "attorney fees shall not be awarded in excess of . . . [the statutory maximum rate] unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Petitioner seeks enhanced fees at the rate of

ORDER GRANTING EAJA FEES - 4

$450.00 per hour on grounds that her counsel's fluency in Russian, in addition to his immigration and federal court litigation experience, was necessary for this litigation and not available at the statutory rate. *See* Dkt. 14 at 6–10. Respondents urge the Court to limit any attorney fees awarded to the statutory rate: $258.46 per hour. *See* Dkt. 15 at 5.

Enhanced hourly rates may be awarded under the EAJA "based on the special factor of the limited availability of qualified attorneys for the proceedings" where (1) the attorney possesses "distinctive knowledge" and "specialized skill" that (2) was "needful to the litigation in question" and (3) was "not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (first citing *Thangaraja v. Gonzales,* 428 F.3d 870, 876 (9th Cir. 2005); then citing *Pierce*, 487 U.S. at 572). Language knowledge has been recognized as "distinctive knowledge" or a "specialized skill." *Pierce*, 487 U.S. at 572 ("Examples . . . would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language.").

Petitioner recognizes that "immigration law expertise, by itself," does not justify enhanced rates but argues her counsel's immigration and federal litigation experience, plus Russian language skills, suffices. Dkt. 14 at 7–8 (quoting *Nadarajah*, 569 F.3d at 913). The Court disagrees. This case was not especially complex and followed many factually and legally similar cases brought in this District. Federal civil litigation experience is a general, not specialized, skill, even when paired with immigration law expertise. Russian language skills do not tip the scales based on the information provided. Petitioner's counsel asserts that he is not aware of qualified counsel who would have taken Petitioner's case at the statutory rate. *See* Dkt. 14-1 at 5–6. He also points to Petitioner's willingness to pay $450.00 per hour for his services as "direct market evidence[]" of the availability of qualified counsel. Dkt. 14 at 10; Dkt. 14-1 at 5.

Neither assertion persuades.  It is far from clear that an attorney would not have taken Petitioner's case at the statutory rate and utilized the services of a Russian interpreter as needed to obtain a similarly positive and expeditious result.  Further, Petitioner's willingness to retain her counsel at his normal billing rate only evinces what Petitioner was willing to pay for her preferred counsel who speaks Russian—not the unavailability of qualified counsel at the statutory rate.  *See A.C.J. v. Hermosillo*, No. C25-2486-DGE, 2026 WL 1745818, at *3 (W.D. Wash. June 17, 2026) (explaining that counsel's "reference to . . . her own rate in private practice . . . [is] immaterial[]" because it has "no bearing on whether other counsel could have been available to Petitioner at the statutory rate elsewhere.").  While the Court recognizes the added value and efficiency Petitioner's counsel likely provided on account of his Russian language skills, Petitioner has not demonstrated Russian fluency was "needful" to this litigation.  The Court accordingly finds enhanced fees are not merited and awards attorney fees at the statutory rate of $258.46 per hour.

Regarding paralegal fees sought, Respondents concede the $125.00 per hour rate charged for paralegal work on this case is reasonable, and the Court agrees.  *See* Dkt. 15 at 6.  The Court accordingly awards paralegal fees at a rate of $125.00 per hour.

Respondents next argue the number of hours billed are excessive because this case did not involve extensive briefing or argument and Petitioner's counsel litigated a similar case simultaneously for which he billed less hours.[2]  *See* Dkt. 15 at 5–6 (discussing *N.S. v. Hermosillo, et al.*, No. C26-0161-BAT).  Respondents overlook that, assuming similar legal research and drafting was needed for both cases, Petitioner's counsel could have only billed that

---

[2] Respondents ask the Court to scrutinize the paralegal time billed for duplication because Petitioner's counsel litigated two purportedly similar cases simultaneously.  *See* Dkt. 15 at 6.  As Respondents do not point to any instance of potentially duplicative billing, the Court disregards this argument as undeveloped.

ORDER GRANTING EAJA FEES - 6

work to one case.  Plus, the factual development required for each habeas case can differ substantially.  The Court is therefore unpersuaded that the hours billed in this case are per se unreasonable simply because Petitioner's counsel filed a purportedly similar case on the same day for which he later sought lower fees.  As such, the Court awards fees for the hours requested.

The Court next turns to Petitioner's request for certain other expenses:  her counsel's pro hac vice fee, her local counsel's fee for sponsoring a pro hac vice application, and the filing fee.  *See* Dkt. 14 at 11.  The EAJA provides that a "a judgment for costs, as enumerated in section 1920" may be awarded to a prevailing party.  28 U.S.C. § 2412(a)(1).  "Fees of the clerk[,]" including filing fees, are one such cost.  28 U.S.C. § 1920(1); *see Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 957 (9th Cir. 2013).  Pro hac vice fees are not.  *See Kalitta Air*, 741 F.3d at 958 ("§ 1920(1) does not allow for an award of *pro hac vice* fees as taxable costs.").  The Court therefore grants costs for the $5 filing fee only.

That said, the EAJA does authorize courts to "award . . . fees and other expenses, in addition to" costs enumerated in 28 U.S.C. § 1920.  28 U.S.C. § 2412(d)(1)(A) (emphasis added).  Other courts in this District have awarded pro hac vice fees under the EAJA's provision for reasonable fees, recognizing they are "expenses typically billed to a client[]" and that "expenses enumerated in the statute [at Section 2412(d)(2)(A)] are 'examples, not . . . an exclusive list.'"  *A.C.J.*, 2026 WL 1745818, at *5 (quoting *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985)); *see also N.S. v. Hermosillo et al.*, No. C26-0161-BAT, 2026 WL 2137794, at *3 (W.D. Wash. Apr. 14, 2026).  Consistent with those decisions, the Court awards the $249.00 pro hac vice fee, and the $500.00 fee Petitioner paid to retain local counsel as required by Local Civil Rule 83.1(d)(1), as reasonable expenses.

///

ORDER GRANTING EAJA FEES - 7

III.     CONCLUSION

Because Respondents' position was not substantially justified, the Court will grant $4,833.20 in attorney's fees (18.7 hours x $258.46 per hour), $1,287.50 in paralegal fees (10.3 hours x $125.00 per hour), $749.00 in reasonable expenses for the pro hac vice and local counsel fees, and $5.00 in costs.  In view of Petitioner's counsel's representation that Petitioner or her family paid for counsel's representation "out-of-pocket" in this case, a check totaling $6,874.70 shall be made payable to Petitioner and mailed to her counsel's address.  *See* Dkt. 14-1 at 5.

Dated this 12th day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING EAJA FEES - 8